UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-20195-KING

ORGANIZATION OF PROFESSIONAL
AVICULTURISTS, INC.,

      Plaintiff,

v.

MARGARET EVERSON, Principal Deputy
Director, U.S. FISH AND WILDLIFE SERVICE, *et al.*
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS MOOT**

      Defendant, U.S. Fish and Wildlife Service, by and through the undersigned Assistant United States Attorney and pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, moves to dismiss Plaintiff's Complaint as moot.  In support of this motion, Defendant states the following:

**INTRODUCTION**

      Plaintiff, Organization of Professional Aviculturists, Inc., is a trade group that represents professional aviculturists (persons who keep and rear birds as a profession). It brought this action against the U.S. Fish and Wildlife Service ("USFWS") under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA).  Plaintiff alleges that USFWS violated FOIA by failing to produce records in response to nine separate FOIA requests for records it made related to the agency's operations under the Wild Exotic Bird Conservation Act.[1]

---

[1] The requests sought the following information relating to the Wild Bird Conservation Act of 1992 (the reference number assigned by USFWS follows each request):

      (1) "the attempt by the Argentinian CITES authority to petition the USFWS to allow for sustainable import of blue front amazon" (FWS-2019-00156);

Plaintiff submitted six of its nine FOIA requests on October 15, 2018. Compl., ¶ 19. Plaintiff submitted another three requests on October 18, 2018. Compl., ¶ 23. On November 14, 2018, a representative of Plaintiff contacted USFWS to complain about the agency's failure to satisfy its nine FOIA requests within the twenty days provided within FOIA (as interpreted by Plaintiff). Compl., ¶ 30. Two days later, on November 16, 2018, Plaintiff also sent an email complaining about the agency's inability to satisfy its requests. *See* Compl., Ex. L.

A representative of USFWS responded by email on November 19, 2018. *Id.* The USFWS representative indicated that, due to the breadth of Plaintiff's FOIA requests, a response to some

---

(2) "all information and internal guidance relating to USFWS interpretation of sections 4905 and 4906 of the Wild Bird Conservation Act" (FWS-2019-00157);

(3) "all information relating to FWS procedures for considering a petition under section 4909 of the Wild Bird Conservation Act" (FWS-2019-00158);

(4) "the approval of permits for consortium/cooperative breeding agreements. 1a) This includes but is not limited to all information, relating to the approval of permits of consortium/cooperative breeding agreements of CITES appendix 1 listed species" (FWS-2019-00159);

(5) "all documents relating to [FWS's] interpretation of its obligations under the WBCA" (FWS-2019-00160);

(6) "all information related to FWS's obligations to issue regulations under the Wild Bird Conservation Act" (FWS-2019-00161);

(7) "the approval of permits for personal pets" (FWS-2019-00162);

(8) "all internal documents, memoranda, policy manuals, guidance, training manuals, etc. relating to the approval of permits for import or export of exotic avian species into or out of the United States" (FWS-2019-00163); and

(9) "[FWS's] interpretation of its obligations under WBCA" (FWS-2019-00443).

of the requests could take months and would require payment of search costs greater than the $100 Plaintiff was willing to pay. *See Id*.

Later that same day (November 19, 2019), a representative of Plaintiff responded to USFWS by email, indicating that Plaintiff disagreed that its requests were too broad, and that U.S. Fish and Wildlife's request that Plaintiff narrow the requests was untimely under FOIA. Plaintiff demanded that the agency produce responsive records within two days, by November 21, 2018. *See* Compl., Ex. N.

On December 11, 2018, USFWS issued final responses to four of Plaintiff's nine FOIA requests (FWS-2019-00157, FWS-2019-00158, FWS-2019-00160, and FWS-2019-00161). Compl., ¶ 50. Plaintiff alleges that it is currently appealing the responses to the agency, but the agency has no record of receiving any such appeals. *See* Compl. ¶ 53; Declaration of Cathy Willis, Ex. A hereto ("Willis Decl."), at ¶ 22.

At midnight on December 22, 2018, much of the federal government, including USFWS, suspended operations due to a lapse in appropriations. The partial government shutdown lasted until January 25, 2019 (35 days). During the shutdown, on January 14, 2019, Plaintiff filed its Complaint in this action. Plaintiff alleged that, as of the date of the Complaint, USFWS had yet to respond to five of its nine FOIA requests, in violation of FOIA. Compl., ¶ 55.

After the government resumed operations, USFWS sought, and the Court granted, a sixty-day extension of time to respond to the Complaint, so it could promptly provide Plaintiff all records to which it is entitled under FOIA and render this lawsuit moot. To that end, USFWS completed processing of the five FOIA requests that were still pending when Plaintiff filed its Complaint[2]

---

[2] The five requests were FWS-2019-00156, FWS-2019-00159, FWS-2019-00162, FWS-2019-00163, FWS-2019-00443.

and, between March 4 and 12, 2019, issued its final responses. *See* Willis Decl. at Ex. B. As explained below, USFWS's final responses to Plaintiff's nine FOIA requests render its lawsuit moot. The action should be dismissed accordingly, for lack of subject matter jurisdiction.

## **ARGUMENT**

### I. Plaintiff's Request for an Order Requiring USFWS to Search for and Produce Records In Response to Its FOIA Requests is Moot

FOIA requires federal agencies to release government records to the public upon request, subject to nine listed exemptions. *See* 5 U.S.C. § 552(b); *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007). A plaintiff complaining that an agency failed to comply with FOIA must show that an agency has improperly withheld agency records. *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989); *United We Stand Am., Inc. v. IRS*, 359 F.3d 595, 598 (D.C. Cir. 2004). The only remedy FOIA provides for an agency's improper withholding of records is injunctive relief requiring the agency to release records improperly withheld. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980); *see also* 5 U.S.C. §§ 552(a)(4)(B), 552(f)(1).

Once an agency produces the records requested under FOIA, there is no longer a case or controversy, and the FOIA action becomes moot. *See Armstrong v. Exec. Office of the President*, 97 F.3d 575, 582 (D.C. Cir. 1996); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("once all requested records are surrendered, federal courts have no further statutory function to perform"). Because the statute only authorizes a court to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld," 5 U.S.C. § 552(a)(4)(B), " '[o]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.' " *Perry*, 684 F.2d at 125 (quoting *Crooker v. United States State Department*, 628 F.2d 9, 10 (D.C. Cir. 1980)).

The case-or-controversy requirement of Article III, 2 of the United States Constitution subsists through all stages of federal judicial proceedings. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A plaintiff must have suffered, or be threatened with, an actual injury traceable to the respondent and likely to be redressed by a favorable judicial decision in order for the matter to be justiciable. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). In light of USFWS's production of all non-exempt records in response to Plaintiff's FOIA requests, there is no longer a case or controversy, nor any injury left for the Court to redress. When there is nothing for the Court to remedy, a case is moot. *See Spencer*, 523 U.S. at 17. Where, as here, the issues in a complaint are moot, the court lacks jurisdiction to address the claim. *See generally Granite State Outdoor Advertising, Inc. v. City of Clearwater, Florida*, 351 F.3d 1112 (11th Cir. 2003) (finding no jurisdiction where a party lacks standing under Article III). By its very nature, a moot suit cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it. *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) (quoting *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004) (internal quotations omitted). If a district court is presented with a moot case, the case must be dismissed because any decision on the merits would constitute an impermissible advisory opinion. *Id.*

The fact that some of Plaintiff's requests yielded no responsive records beyond those already publicly available is of no consequence: Plaintiff's claims as to those requests are nevertheless moot. In responding to a FOIA request, an agency is required to conduct a reasonable search for responsive records. *Ray*, 908 F.2d at 1558; *Oglesby v. U.S. Department of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Weisberg v. U.S. Department of Justice*, 705 F.2d 1344, 1352 (D.C. Cir. 1983). In an action under FOIA, an agency may establish that it conducted a reasonable

search through affidavits of responsible agency officials "so long as the affidavits are relatively detailed, nonconclusory and submitted in good faith." *Ray*, 908 F.2d 1558; *Miller v. U.S. Department of State*, 779 F.2d 1378, 1383 (8th Cir. 1985); *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982).[3]

Whether a search was reasonable depends upon the circumstances of each case. *Truitt v. Department of State*, 897 F.2d 540, 542 (D.C. Cir. 1990); *see also Maynard v. C.I.A.*, 986 F.2d 547, 559 (1st Cir. 1993). The agency need not show that it has conducted an exhaustive search but must show beyond a material doubt that it made a good faith effort, using methods which could reasonably be expected to uncover the requested information or documents. *See Ray*, 908 F.2d at 1558; *Oglesby*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Miller*, 779 F.2d at 1383 ("the search need only be reasonable; it does not have to be exhaustive"). The agency is not required to prove that every responsive document has been located. *See Nation Magazine v. U.S. Customs Service*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); *Miller*, 779 F.2d at 1385. Importantly, a search is not presumed unreasonable if it fails to produce all relevant documents. *Id.*

The attached Declaration of Cathy Willis explains in detail how USFWS complied with FOIA by conducting a search that was reasonably calculated to find records responsive to all nine of Plaintiff's requests. Ms. Willis explains how USFWS's FOIA personnel (1) carefully and individually examined each of Plaintiff's requests; (2) identified the appropriate component within

---

[3] Generally, declarations accounting for searches of documents that contain hearsay are acceptable." *Kay v. F.C.C.*, 976 F. Supp. 23, 33 n.29 (D.D.C. 1997), *aff'd*, 172 F.3d 919 (D.C. Cir. 1998). It is not necessary that the agency employee who actually performed the search supply an affidavit describing the search. *Maynard v. C.I.A.*, 986 F.2d 547, 560 (1st Cir. 1993). Affidavits of officials responsible for supervising or coordinating search efforts have been found to be sufficient to fulfill the personal knowledge requirement of Fed. R. Civ. P. 56(e). *Id.*; *see also Patterson v. I.R.S.*, 56 F.3d 832, 840-41 (7th Cir. 1995) (declarant's reliance on a standard search form completed by his predecessor was appropriate).

USFWS where records responsive to Plaintiff's requests were likely to be located; (3) conferred with the personnel within those USFWS components who had direct knowledge of the matters implicated by Plaintiff's requests; and (4) retrieved any and all documents identified by the experts as responsive. Summarizing the results of USFWS's search efforts, Ms. Willis explains that

> the search for records regarding how FWS interprets and implements the WBCA yielded no records beyond the statute itself and the agency regulations promulgated thereunder. Where requests sought more specific information about a particular matter, as did the request regarding the Argentine CITES authority's petition for permission to import the blue front amazon, or . . . the request for records regarding the approval of permits for consortium/cooperative breeding agreements, FWS identified responsive records and produced them to the requester.

Willis Decl. at ¶ 21. Ms. Willis's Declaration establishes that USFWS conducted a reasonable search in compliance with the requirements of FOIA. It also establishes why Plaintiff's lawsuit seeking an order requiring the agency to search for and produce records responsive to its requests is moot. The agency has already provided the relief Plaintiff seeks and the lawsuit should be dismissed.

### II. Plaintiff Failed to Exhaust His Administrative Remedies as to the Four Requests that Were Satisfied Before it Filed Suit

Plaintiff's claims as to the four FOIA requests satisfied by USFWS *before* Plaintiff brought suit fails for the additional reason that Plaintiff failed to exhaust its administrative appeal remedies as to those requests. A FOIA requester is required to exhaust administrative appeal remedies before seeking judicial redress. *See Oglesby v. Dep't of the Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *Schoenman v. FBI*, No. 04-2202, 2006 WL 1582253, at *9 (D.D.C. June 5, 2006); *Judicial Watch, Inc. v. FBI*, 190 F. Supp. 2d 29, 33 (D.D.C. 2002). Exhaustion of administrative remedies is a jurisprudential doctrine, "perform[ing] a function similar to the judicial doctrine of ripeness by postponing judicial review." *Taylor v. Appleton*, 30 F.3d 1365,

1367, n.3 (11th Cir. 1994). "A FOIA claim as to which a party has failed to exhaust its administrative remedies is [] premature—a court cannot grant relief on the claim." *Id.*

To exhaust administrative remedies a requester must first follow agency regulations, including making a proper FOIA request in the first instance as well as filing an administrative appeal after receiving an agency's final determination. *See, e.g., Ebling v. DOJ*, 796 F. Supp. 2d 52, 65 (D.D.C. 2011) (dismissing part of plaintiff's claim for failure to exhaust where DOJ had no record of receiving administrative appeal). FOIA permits requesters to treat an agency's failure to comply with its time limits as "constructive" exhaustion of administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C). Thus, when an agency "fails to comply with the applicable time limit provisions" of the FOIA, the requester is deemed to have exhausted his administrative remedies and can seek immediate judicial review, even though the requester has not filed an administrative appeal. *See, e.g., Pollack v. DOJ*, 49 F.3d 115, 118-19 (4th Cir. 1995) ("Under FOIA's statutory scheme, when an agency fails to comply in a timely fashion with a proper FOIA request, it may not insist on the exhaustion of administrative remedies unless the agency responds to the request before suit is filed."). But where a FOIA requester has received a final response to its FOIA request, it is required to pursue an administrative appeal before it may file suit for an alleged violation of FOIA.

Plaintiff alleges that it is currently appealing the four FOIA responses it received from USFWS before it filed suit (FWS-2019-00157, FWS-2019-00158, FWS-2019-00160, and FWS-2019-00161), but the agency has no record of receiving any such appeals. *See* Compl. ¶ 53; Willis Decl., at ¶ 22. As the foregoing demonstrates, Plaintiff failed to exhaust his administrative remedies as to the four FOIA requests satisfied by USFWS before Plaintiff filed this action and its claims as to those requests must be dismissed accordingly. *See Miccosukee*

*Tribe of Indians of Florida v. U.S. Dept. of Justice*, 103 F.Supp.3d 1314, 1326 (S.D. Fla. 2015) (dismissing FOIA claims because plaintiff had not exhausted its administrative appeals of the Justice Department's response to its FOIA request).

## CONCLUSION

For the reasons set forth above, Defendant U.S. Fish and Wildlife respectfully submits that Plaintiff's lawsuit under the Freedom of Information Act must be dismissed in its entirety.

Dated: April 19, 2019  
Miami, Florida

Respectfully submitted,

ARIANA FAJARDO ORSHAN  
UNITED STATES ATTORNEY

By: /s/ Carlos Raurell  
Carlos Raurell  
Assistant United States Attorney  
Florida Bar No. 529893  
Carlos.Raurell@usdoj.gov  
United States Attorney's Office  
99 NE 4th Avenue, Suite 300  
Miami, Florida 33132  
Telephone: (305) 961-9243  
Facsimile: (305) 530-7139  
Attorneys for the Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2019, I filed the foregoing document with the Clerk of the Court, using the CM/ECF system.

/s/ Carlos Raurell  
CARLOS RAURELL  
Assistant United States Attorney