UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:19-cv20195-JLK

**ORGANIZATION OF
PROFESSIONAL AVICULTURISTS,
INC.,**

    Plaintiff,

    v.

**MARGARET EVERSON,** in her official ca- pacity as Principal Deputy Director Exercising the Authority of the Director of U.S. Fish and Wildlife Service; and **U.S. FISH AND WILD- LIFE SERVICE;**

    Defendants.

_____/

### DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MANDAMUS RELIEF

Defendants Margaret Everson, in her official capacity as Principal Deputy Director Exercising the Authority of the Director of the U.S. Fish and Wildlife Service; and the U.S. Fish and Wildlife Service ("FWS") (collectively, "Defendants") answer Plaintiff's Amended Complaint for Injunctive, Declaratory and Mandamus Relief ("Amended Complaint"), Docket ("Dkt.") 10, as follows:[1]

### JURISDICTION AND VENUE

1. The allegations in Paragraph 1 constitute Plaintiffs' statement of their case, to which no response is required. To the extent a response is required, the allegations are denied.

---

[1] For ease of reference, Defendants refer to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

1

2. The allegations in Paragraph 2 consist of legal conclusions to which no response is required. To the extent that a response is required, Defendants admit this Court has subject matter jurisdiction over Freedom of Information Act ("FOIA") claims subject to the terms and limitations of the FOIA.

3. The allegations in Paragraph 3 consist of legal conclusions to which no response is required. To the extent that a response is required, Defendants admit venue is proper.

## PARTIES

4. Defendants deny the allegations in Paragraph 4.b.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 4.

5. In response to the allegations in the first sentence of Paragraph 5, Defendants admit only that Defendant, Margaret Everson, is the Principal Deputy Director Exercising the Authority of the Director of FWS and that FWS is a federal agency subject to FOIA.  The second sentence of Paragraph 5 sets forth Plaintiff's legal conclusions as to the responsibility of the Principal Deputy Director Exercising the Authority of the Director of U.S. Fish and Wildlife Service for a violation of FOIA, to which no response is required. Defendants deny that they have violated FOIA or the APA.

6. Defendants admit the allegations in the first sentence of Paragraph 6.  The allegations in the second sentence of Paragraph 6 purport to characterize the Wild Exotic Bird Conservation Act ("WBCA") which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  The allegations in the third sentence of Paragraph 6 consists of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  In response to the allegations in the

fourth and fifth sentences of Paragraph 6, Defendants admit only that FWS is a federal agency subject to FOIA.  Defendants deny that FWS has denied FOIA or the APA.

## STATUTORY BACKGROUND

7. The allegations in Paragraph 7 purport to characterize the FOIA which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

8. The allegations in Paragraph 8 purport to characterize the FOIA which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

9. The allegations in Paragraph 9 purport to characterize the FOIA which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

10. The allegations in Paragraph 10 purport to characterize the FOIA which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

11. The allegations in Paragraph 11 purport to characterize the FOIA which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

12. The allegations in Paragraph 12 purport to characterize the FOIA which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

13. The allegations in Paragraph 13 purport to characterize the FOIA which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language

and meaning are denied.

14. The allegations in Paragraph 14 purport to characterize the FOIA which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

15. The allegations in Paragraph 15 purport to characterize the FOIA which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

16. The allegations in Paragraph 16 purport to characterize the FOIA which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

17. The allegations in Paragraph 17 purport to characterize the FOIA which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

18. The allegations in Paragraph 18 purport to characterize the FOIA and the Administrative Procedure Act ("APA") which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

**FACTUAL ALLEGATIONS**

19. Defendants admit the allegations in Paragraph 19 prior to Subparagraph 19.a. The allegations in Subparagraphs 19.a. through 19.f. purport to characterize certain FOIA requests, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

20. The allegations in Paragraph 20 purport to characterize an e-mail, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language

and meaning are denied.

21. The allegations in Paragraph 21 purport to characterize certain e-mails, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

22. The allegations in Paragraph 22 purport to characterize certain e-mails, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

23. Defendants admit the allegations in Paragraph 23 prior to Subparagraph 23.a. The allegations in Subparagraphs 23.a. through 23.c. purport to characterize certain FOIA requests, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

24. The allegations in Paragraph 24 purport to characterize an e-mail, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

25. The allegations in Paragraph 25 purport to characterize certain e-mails, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

26. The allegations in Paragraph 26 purport to characterize certain e-mails, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

27. The allegations in Paragraph 27 purport to characterize an e-mail, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

28. The allegations in Paragraph 28 purport to characterize an e-mail, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

29. Defendants have no knowledge or record of Plaintiff's alleged telephone communication with the individual identified in the Complaint, a former employee of FWS. Therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity.

30. Defendants have no knowledge or record of Plaintiff's alleged telephone communication with the individual identified in the Complaint, a former employee of FWS. Therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity.

31. Defendants have no knowledge or record of Plaintiff's alleged telephone communication with the individual identified in the Complaint, a former employee of FWS. Therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity.

32. The allegation in Paragraph 32 is Plaintiff's assessment of the legislative history of FOIA, and does not require a response. To the extent that a response is required, Defendants deny the allegation that FOIA was last amended in 2007.

33. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33, and on that basis deny the allegations. The allegations contained in this paragraph are also immaterial to the Plaintiff's legal claims in this lawsuit.

34. The allegations in Paragraph 34 purport to characterize an e-mail, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language

and meaning are denied.

35. The allegations in Paragraph 35 purport to characterize an e-mail, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

36. Admit.

37. The allegations in Paragraph 37 consist of legal conclusions to which no response is required.

38. The allegations in Paragraph 38 purport to characterize an e-mail, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

39. The allegations in Paragraph 39 purport to characterize an e-mail, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

40. The allegations in Paragraph 40 purport to characterize an e-mail, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

41. The allegations in Paragraph 41 purport to characterize an e-mail, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

42. The allegations in Paragraph 42 purport to characterize two e-mails, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

43. The allegations in Paragraph 43 purport to characterize two e-mails, which speak

for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

44. The allegations in Paragraph 44 consist of legal conclusions to which no response is required.

45. In response to the allegations in paragraph 45, Defendants aver that FWS did not respond to the November 19, 2018 e-mails that narrowed the FOIA requests because no response was necessary. FWS later provided final responses to the FOIA requests as narrowed by Plaintiff's November 19, 2018 e-mails.

46. The allegations in Paragraph 46 purport to characterize certain acknowledgment letters, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

45. Defendants admit the allegations in the first sentence of the second[2] Paragraph 45. The allegations in the second sentence of the second Paragraph 45 purport to characterize two FOIA requests and an e-mail, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

46. The allegations in the second Paragraph 46 purport to characterize certain acknowledgment letters, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

47. The allegations in Paragraph 47 purport to characterize certain acknowledgment letters, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

---

[2] Plaintiff's complaint contains two Paragraphs numbered 45, and two Paragraphs numbered 46. For ease of cross reference, Defendants have followed Plaintiff's numbering convention, while referring to the "second" Paragraph 45 and "second" Paragraph 46, respectively.

48. The allegations in Paragraph 48 purport to characterize certain acknowledgment letters, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

49. The allegations in Paragraph 49 purport to characterize certain e-mails, FOIA responses, and FOIA requests which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

50. The allegations in Paragraph 50 purport to characterize certain FOIA requests which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

51. The allegations in Paragraph 51 purport to characterize certain FOIA responses which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52.

53. The allegations contained in this paragraph are immaterial to the Plaintiff's legal claims in this lawsuit and Defendants deny them on that basis.

54. The allegations in Paragraph 54 purport to characterize a complaint which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

55. The allegations in Paragraph 55 purport to characterize a letter which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

56. The allegations in Paragraph 56 purport to characterize a FOIA response which

speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

57. The allegations in Paragraph 57 purport to characterize a FOIA response which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

58. The allegations in Paragraph 58 purport to characterize a FOIA response which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

59. The allegations in Paragraph 59 purport to characterize a FOIA response which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

60. The allegations in Paragraph 60 purport to characterize a FOIA response which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

61. The allegations in Paragraph 61 in part purport to characterize the FOIA which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  The remaining allegations in Paragraph 61 consist of legal conclusions to which no response is required.

62. The allegations in Paragraph 62 consist of legal conclusions to which no response is required.

63. The allegations in Paragraph 63 consist of legal conclusions to which no response is required.

64. The allegations in Paragraph 64 consist of legal conclusions to which no response

is required.

65. The allegations in Paragraph 65 consist of legal conclusions to which no response is required.

66. The allegations in Paragraph 66 consist of legal conclusions to which no response is required.

67. The allegations in Paragraph 67 consist of legal conclusions to which no response is required.

68. The allegations in Paragraph 68 consist of legal conclusions to which no response is required.

69. The allegations in Paragraph 69 consist of legal conclusions to which no response is required.

## COUNT I

**Violation of FOIA: Failure to Conduct an Adequate Search for Records**

70. Paragraph 70 realleges the allegations in previous paragraphs of the Amended Complaint, and Defendants' responses thereto are incorporated herein by reference.

71. The allegations in Paragraph 71 consist of legal conclusions to which no response is required.

72. The allegations in Paragraph 72 consist of legal conclusions to which no response is required.

73. The allegations in Paragraph 73 consist of legal conclusions to which no response is required.

## COUNT II

**Violation of FOIA: Failure to Disclose Responsive Records**

74. Paragraph 74 realleges the allegations in previous paragraphs of the Amended Complaint, and Defendants' responses thereto are incorporated herein by reference.

75. The allegations in Paragraph 75 consist of legal conclusions to which no response is required.

76. The allegations in Paragraph 76 consist of legal conclusions to which no response is required.

77. The allegations in Paragraph 77 consist of legal conclusions to which no response is required.

### COUNT III

### Violation of FOIA: Failure to Timely Provide a Tracking number

78. Paragraph 78 realleges the allegations in previous paragraphs of the Amended Complaint, and Defendants' responses thereto are incorporated herein by reference.

79. The allegations in Paragraph 79 consist of legal conclusions to which no response is required.

80. The allegations in Paragraph 80 consist of legal conclusions to which no response is required.

### COUNT IV

### Violation of FOIA: Failure to Adjudicate Fee Waiver Requests

81. Paragraph 81 realleges the allegations in previous paragraphs of the Amended Complaint, and Defendants' responses thereto are incorporated herein by reference.

82. The allegations in Paragraph 82 consist of legal conclusions to which no response is required.

83. The allegations in Paragraph 83 consist of legal conclusions to which no response

is required.

## COUNT V

**Violation of FOIA: Failure to Timely Meaningfully Consider Attempts to Limit Scope**

84. Paragraph 84 realleges the allegations in previous paragraphs of the Amended Complaint, and Defendants' responses thereto are incorporated herein by reference.

85. The allegations in Paragraph 85 consist of legal conclusions to which no response is required.

86. The allegations in Paragraph 86 consist of legal conclusions to which no response is required.

## COUNT VI

**Violation of the APA: Unreasonable Delay and Failure to Adjudicate**

87. Paragraph 87 realleges the allegations in previous paragraphs of the Amended Complaint, and Defendants' responses thereto are incorporated herein by reference.

88. The allegations in Paragraph 88 consist of legal conclusions to which no response is required.

89. The allegations in Paragraph 89 consist of legal conclusions to which no response is required.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Amended Complaint consists of Plaintiff's Prayer for Relief, to which no answer is necessary. To the extent that a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendants deny each and every allegation of Plaintiff's Amended complaint not otherwise expressly admitted, qualified, or denied herein. Defendants reserve the right to amend

this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8(c).

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiff's Complaint is moot, as FWS responded to each of its FOIA requests by conducting an adequate search for records and providing to Plaintiff all records located.

### SECOND DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### THIRD DEFENSE

Plaintiff has failed to exhaust his administrative remedies as to certain FOIA requests.

### FOURTH DEFENSE

Plaintiff has failed to state a claim as a matter of law.

Dated:  May 29, 2019  
Miami, Florida

Respectfully submitted,

ARIANA FAJARDO ORSHAN  
UNITED STATES ATTORNEY

By:     /s/ Carlos Raurell  
Carlos Raurell  
Assistant United States Attorney  
Florida Bar No. 529893  
Carlos.Raurell@usdoj.gov  
United States Attorney's Office  
99 NE 4th Avenue, Suite 300  
Miami, Florida 33132  
Telephone: (305) 961-9243  
Facsimile: (305) 530-7139  
Attorneys for the Defendants

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 29, 2019, I filed the foregoing document with the Clerk of the Court, using the CM/ECF system.

                /s/ Carlos Raurell
                CARLOS RAURELL
                Assistant United States Attorney

…